ROTHSTEIN v. PHŒNIX INS. CO. OF BROOKLYN.

(City Court of New York, Special Term. March, 1910.)

PLEADING (§ 367*)—MAKING MORE DEFINITE AND CERTAIN—COMPLAINT FOR FIRE INSURANCE.

    A complaint to recover on an insurance policy, assigned to plaintiff, alleged on information and belief in one paragraph that plaintiff's assignor duly performed all the conditions on her part to be performed, and plaintiff performed all the conditions on his part to be performed, and more than 60 days had elapsed since delivery by plaintiff's assignor to defendant of due notice and proof of loss, and in another paragraph that, after destruction of the property, plaintiff's assignor forthwith gave notice to defendant, and within 60 days thereafter, on August 23, 1909, duly delivered to defendant an account of the loss, signed by her and verified by her oath, stating the knowledge and belief of insured as to the origin of the fire, the interest of assured and all others in the property, and in all other ways fully complied with the conditions of the policy as to proof of loss and with all other conditions thereof except those performance of which was waived by defendant. *Held*, as to each paragraph, that it was uncertain whether plaintiff meant to allege his assignor complied with all conditions on her part to be complied with, or whether he meant to allege she complied with some of them, and that defendant waived such of them as she did not comply with, and pursuant to Code Civ. Proc. § 546, allowing the court to require amendment of indefinite allegations, the complaint should be amended, stating definitely what conditions defendant waived and what conditions plaintiff and his assignor complied with.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Morris Rothstein against the Phœnix Insurance Company of Brooklyn. On motion to make the complaint more definite and certain. Motion granted.

Samuel Kahn, for plaintiff.

Rumsey, Sheppard & Ingalls, for defendant.

FINELITE, J. This is a motion why the complaint should not be made more definite and certain by alleging whether or not the plaintiff's assignor, Pauline Ettenger, duly performed all the conditions of the policy of insurance sued upon on her part to be performed; second, by alleging or showing whether or not said Pauline Ettenger duly performed all the conditions of the policy of insurance sued upon, other than the conditions of such policy with reference to the proof of loss; third, by alleging or showing what conditions of said policy, if any, were waived by the defendant. The motion is made in reference to the eighth and ninth paragraphs of the complaint.

The action is brought to recover for a loss caused by fire to goods insured under a policy of insurance issued by the defendant, which cause of action under said policy of insurance was assigned by the insured, Pauline Ettenger, to the plaintiff herein. In and by the eighth paragraph of the plaintiff's complaint it is alleged:

"That upon information and belief the said Pauline Ettenger duly performed all the conditions on her part to be performed, and that the plaintiff performed all the conditions on his part to be performed, and that more than 60 days have elapsed since the delivery by the said Pauline Ettenger to the defendant of the due notice and proof of loss herein."

By the ninth paragraph of the complaint it is alleged:

"On information and belief, that after the destruction of the said property by fire, as aforesaid, the said Pauline Ettenger forthwith gave notice thereof to the defendant, and within 60 days thereafter, to wit, on the 23d day of August, 1909, said Pauline Ettenger duly delivered to the defendant an account of said loss, which account was signed by the said Pauline Ettenger and verified by her oath, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the assured and all others in the property, and in all other ways fully complied with the conditions of said policy with reference to proof of loss and with all the other conditions thereof, except those of which performance was waived by the defendant."

From the reading of the eighth paragraph of the complaint it is uncertain whether plaintiff means to allege that his assignor complied with all of the conditions of the policy on her part to be complied with, or whether he means to allege that she complied with some of them, and that the defendant waived such of them as she did not comply with, and in this respect the complaint should be amended, stating definitely as to what conditions were waived by the defendant, what conditions were complied with by the plaintiff, and what conditions were complied with by the plaintiff's assignor. Section 546, Code Civ. Proc. This also applies to paragraph 9 of the complaint.

The motion in this respect is granted. Settle order on one day's notice.